UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANCISCO BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 3:06-CV-146 PS |
| ) | |
| ANDREW PAZERA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Francisco Brown, a *pro se* prisoner, filed this habeas corpus petition challenging his retention in credit class 2 as a result of being found guilty of refusing to obey an order in case WCU 05-11-550 on December 1, 2005 by the Conduct Adjustment Board (CAB) at the Westville Correctional Facility. Respondent has moved to dismiss the petition as moot because the Final Reviewing Authority has remanded the case for rehearing. Petitioner has objected because good time credit lost as a result of his retention in class 2 has not been restored.

Nevertheless, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the [proceedings] of the State." 28 U.S.C. § 2254(b)(2). Moreover,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

§ 2254 Habeas Corpus Rule 4.

Brown presents three grounds for his claim. First, he argues that he was denied the opportunity to present a copy of the written policy stating that inmates were permitted 30 minutes to eat. He states that this violated the rules of the disciplinary handbook. However,

habeas corpus relief is only available for the violation of a federal right.  *See* 28 U.S.C. § 2254(a). Although *Wolff v. McDonnell*, 418 U.S. 539 (1974) permits an inmate the right to present evidence, lacking a copy of the policy did not prevent Brown from presenting the policy to the CAB in the form of argument.  A policy is not like other physical evidence.  A logbook or a photograph may contain singular information that requires the fact finder to examine the unique exhibit introduced during the proceeding, but a policy is a consistent document that can be referenced and researched.  Introducing a physical copy of a policy or a statute has no meaning during an evidentiary hearing so long as the fact finder is familiar with the policy or can reference it when deciding the case.  If such a policy existed within the prison, the CAB would be able to reference and apply it based on Brown's arguments.  If no such policy existed, it would not have been introduced.  Either way, Brown was not denied due process by the CAB's refusal to await the physical production of a copy of the written policy.

Second, Brown alleges that evidence in the form of a logbook was presented at the hearing.  He argues that he did not request this logbook and was not told about it prior to the hearing.  Third, he argues that he was not given a copy of the logbook.

> Where an inmate loses good time credits as a result of a prison disciplinary hearing,
>
> due process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least "some evidence" in the record, for any disciplinary action taken.

*Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (citing *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985), *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974) and *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003)).  He is not entitled to advance notice of the evidence against him, only of the charges against him.  Neither is he entitled to a copy of the evidence presented.

For the foregoing reasons, the Court **DENIES** Brown's Petition for Writ of Habeas Corpus, **DENIES** Respondent's Motion to Dismiss Petition as Moot [Doc. 11], and **DISCHARGES** Respondent from any obligation to respond to this Court's Order to show cause. The Court also **DENIES** Petitioner's Motion for Relief [Doc. 13] seeking reinstatement of good time credit.

**SO ORDERED.**

ENTERED: October 23, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
